I wish not to express an opinion upon what kind of an acknowledgment, accompanied with a refusal to pay, will take a case out of the statute of limitations; for, perhaps, I should do nothing more than add another decision to the many irreconcilable ones *Page 282 
already made upon the subject. I will, therefore, confine myself strictly to the case upon the record. This acknowledgment, if it be one, is contained in an affidavit offered for the continuance of this cause. The affidavit, so far as it relates to the case, states that he, the defendant, is sued upon a guaranty of a note; that he expects to prove (518) by the absent witness laches or neglect on the part of the plaintiff which discharges him from his guaranty. By law, or rather by the rules of the court, he was bound to show the materiality of the absent witness, otherwise he could not obtain a continuance. The statement was, therefore, made with that intent, and that intent only; it was not intended as a full disclosure of his case, or cannot be so understood by the jury, that is, of itself. It does not import it. For aught that appears, he might have other grounds or reasons to show that the debt was not an unsatisfied one. It is entirely unlike the case where, in conversation, a bar or reason is interposed why a person should not pay a demand, if that bar or reason should be found false or insufficient, as in the case of a discharge under a commission of bankruptcy, or the like. There it may with probability be inferred that the consideration is unsatisfied, for the bar was interposed for that purpose, and that alone, and if false or unfounded it fails in its designed effect. And the mode of making acknowledgment admitted of as wide a range as the defendant chose. I say, therefore, in such case, the statement being made with a view to show that the debt was not due, and with no other view, it is not a forced construction to say that all the reasons, or at least the most prominent ones, were introduced; and if they are unfounded, the unsatisfied consideration still subsists, and upon which the law raises a promise, notwithstanding an express refusal is made to pay the debt. But I beg to be understood as expressing no opinion even in such case; that is, in pointing out any rule where the debt is revived and where it is not; for I can readily imagine cases where I think it should be. All that I mean to say is that this case is unlike them from the mode in which the acknowledgment is made. It is not (from this view of the case) necessary to say whether the action is founded on the old or new promise. The weight of authorities is much in favor of the old promise, and that the new (519) promise repels the bar of the statute; and although the principle may be the other way, as I rather think it is, the authorities are too old and too numerous to be gotten over. If one of two partners, after dissolution, promises to pay, the debt is revived as to the other, and in an action brought against him alone such promise may be relied on to repel the plea of the statute. This is conclusive, for he neither made the new promise nor was it made by one then authorized to bind or act for him. The action, if sustained, must be on the old promise. *Page 283 
I think, therefore, the cases which say if an executor sues on a promise made to the testator, and the statute of limitations is relied on, that he cannot give in evidence a promise or acknowledgment made to himself to take it out of the statute (for they say that is a departure), are wrong if the others are right. They should, therefore, be disregarded if the others are adhered to.
By the Court. Affirmed.
Cited: Eure v. Eure, 14 N.C. 214; Falls v. Sherrill, 19 N.C. 373.
(520)